# In the United States Court of Federal Claims

No. 23-1920C

(Filed: March 4, 2024)

**NOT FOR PUBLICATION**

|  |  |
|---|---|
| **ANGELO TAYLOR,** | ) ) ) ) ) ) ) ) ) ) |
| *Plaintiff,* | |
| v. | |
| **THE UNITED STATES,** | |
| *Defendant.* | |

*Angelo Lee Taylor*, Dayton, OH, *pro se*.

*Elizabeth Marie Durfee Pullin*, United States Department of Justice, Washington, D.C., for Defendant.

### OPINION AND ORDER

**SOLOMSON, Judge**.

On October 20, 2023, Plaintiff, Angelo Lee Taylor, a resident of Dayton, Ohio, proceeding *pro se*, filed a complaint against Defendant, the United States, in this court. ECF No. 1 ("Compl.").[1]  That same day, Mr. Taylor filed a motion to proceed in forma pauperis, ECF No. 2, which this Court granted on November 6, 2023.  ECF No. 7.

Plaintiff alleges that he sought to claim the property located at 8052 Quail Meadows Drive, West Chester Township, OH, through adverse possession.  Compl. at 6.  Plaintiff claims that:  (1) he was subsequently arrested; (2) he was not read his Miranda rights; (3) he was not informed of the charges against him despite multiple requests for them; (4) a plea of "not guilty" was entered into against his wishes; (5) he was held for excessive bail; (6) he did not receive effective counsel; and (7) that he was "forced into a plea deal by threat of imprisonment, duress, and coercion," all of which, he claims,

---

[1] The facts alleged in Plaintiff's complaint are assumed to be true and do not constitute factual findings by the Court.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Am. Bankers Ass'n v. United States*, 932 F.3d 1375, 1380 (Fed. Cir. 2019).

amounts to "substantive and procedural due process violations, abuse of process, slavery, false imprisonment, breach of trust, and unjust enrichment." *Id*. at 7-10.

Mr. Taylor further alleges that the Chief Deputy Recorder of Butler County, Ohio refused his request to post public notice of his adverse possession of the property located at Quail Meadows, thus abridging his right to freedom of speech, and that she "acted outside the scope of her duties to initiate the abuse of process by [the Assistant Prosecuting Attorney]." Compl. at 2. Finally, Mr. Taylor claims he is entitled to the proceeds of "Case Number CR2019 09 1409,"[2] which he claims was "purchased" by the United States District Court for the Southern District of Ohio, alleging that this was a commercial transaction in which the court clerk, judge, prosecutors and defendant's counsel all had a financial incentive, "violating the Foreign Corrupt Practices Act of 1977." *Id*. at 10.

Mr. Taylor seeks: (1) that "these cases be voided and removed from public records"; (2) that all private trust proceeds of "case number CR 2019 09 1409" be returned to him; and (3) $35,000,000 "in the form of working credit issued . . . in the form of a credit card." *Id*. at 3; *see also id.* at 10.

Mr. Taylor is proceeding *pro se*, and this Court holds a *pro se* plaintiff's pleadings to "less stringent standards." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Nevertheless, "even *pro se* plaintiffs must persuade the court that jurisdictional requirements have been met." *Hale v. United States*, 143 Fed. Cl. 180, 184 (2019). "It is well-established that the plaintiff bears the burden of establishing the court's jurisdiction by a preponderance of the evidence." *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013). In the absence of subject matter jurisdiction, the Court must dismiss the claim. *Kissi v. United States*, 493 F. App'x 57, 58 (Fed. Cir. 2012) (*sua sponte* dismissal).

Generally, "[t]he jurisdiction of the Court of Federal Claims is defined by the Tucker Act, which gives the court authority to render judgment on certain monetary claims against the United States." *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009). The Tucker Act, 28 U.S.C. § 1491(a)(1), provides this Court with jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004). The Tucker Act, however, "does not create a substantive cause of action." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). "A plaintiff must identify a separate source of substantive law that

---

[2] The Court is unable to deduce from the complaint whether this case is a federal or state case, and indeed whether it is a real case at all. While Mr. Taylor directs the Court to "[s]ee Exhibit D," Compl. at 10, and references "Exhibit D" again in his "evidence in the form of Exhibit," ECF No. 10-1 at 1, neither his complaint nor his attached exhibit contains an "Exhibit D."

creates the right to money damages." *United States v. Mitchell*, 463 U.S. 206, 216 (1983). Moreover, "[n]ot every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act." *Id*. With respect to "money-mandating" claims, the plaintiff must identify a law that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Id*. at 217 (quotation omitted).

For the reasons explained below, the Court dismisses, *sua sponte*, Mr. Taylor's complaint for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Rules of the Court of Federal Claims. *See Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*.").

*First*, pursuant to the Tucker Act, 28 U.S.C. § 1491(a), this Court's jurisdiction is limited to claims against the United States. *See Double Lion Uchet Express Tr. v. United States*, 149 Fed. Cl. 415, 420 (2020) ("[I]n the Court of Federal Claims, 'the only proper defendant . . . is the United States, not its officers, nor any other individual.'" (quoting *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003))). Accordingly, this Court has no jurisdiction to hear Mr. Taylor's claims against private parties, individuals (whether in their official or personal capacity), or state or local governments. Thus, this Court cannot hear any claims against the Chief Deputy Recorder of Butler County, Ohio, a state prosecutor, court employees, or any other individuals. *See Moore v. Pub. Defs. Off.*, 76 Fed. Cl. 617, 620 (2007) ("When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations."). Although deciphering Mr. Taylor's complaint is admittedly a challenge, there is no conceivable basis for this Court to construe any of his allegations as implicating the United States federal government.

*Second*, even to the extent that Mr. Taylor alleges claims against the United States, he "d[oes] not assert any claims deriving from money-mandating sources of law not sounding in tort" that would place his claims within this Court's jurisdiction. *Lawton v. United States*, 621 F. App'x 671, 672 (Fed. Cir. 2015). Mr. Taylor's allegations are based primarily on claims of lack of due process and false imprisonment. Compl. at 10. None of the facts Mr. Taylor pleads constitute actions based on "contracts with the United States, actions to recover illegal exactions of money by the United States, [or] actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions," *Roth*, 378 F.3d at 1384, and thus are beyond this Court's jurisdiction.

Finally, the Court lacks jurisdiction over claims made under the due process clause of the Constitution. *See Trevino v. United States*, 557 F. App'x 995, 998 (Fed. Cir. 2014) ("[T]he trial court does not have jurisdiction over . . . claims under the due process, equal protection or supremacy clauses of the United States Constitution. These claims do not fall within the court's jurisdiction as defined by the Tucker Act because none of those

3

statutes or constitutional provisions mandate the payment of money."); *Crocker v. United States*, 125 F.3d 1475, 1476 (Fed. Cir. 1997) (finding that the Court of Federal Claims has no jurisdiction to hear due process claims under the Fifth Amendment); *Hernandez v. United States*, 93 Fed. Cl. 193, 198 (2010) (holding that the Fifteenth Amendment does not support jurisdiction in the Court of Federal Claims); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that the Court of Federal Claims lacks jurisdiction over constitutional claims that do not mandate the payment of money). Thus, this court has no jurisdiction to hear claims about "substantive and procedural due process violations." Compl. at 10.

For the reasons explained above, the Court hereby **DISMISSES** Plaintiff's complaint for lack of jurisdiction. The Clerk shall enter JUDGMENT accordingly.

**IT IS SO ORDERED**.

s/Matthew H. Solomson
Matthew H. Solomson
Judge
